UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-05856-SPG-MAA | Date | October 20, 2025 |
|---|---|---|---|
| Title | Inde Can LLC v. Spencer Noecker et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez<br>Deputy Clerk | Not Reported<br>Court Reporter / Recorder |
| Attorneys Present for Plaintiff:<br>Not Present | Attorneys Present for Defendants:<br>Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FOR MANDATORY REMAND TO STATE COURT [ECF NO. 31]**

Before the Court is a Motion for Leave to File a Second Amended Complaint and for Mandatory Remand (ECF No. 31 ("Motion")) filed by Plaintiff Inde Can LLC ("Plaintiff"). The Court has read and considered the parties' submissions and concluded that the Motion is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

Plaintiff is a "cannabis beverage startup." *See* (ECF No. 1-4 ("FAC" or "Complaint") ¶ 1). It alleges that its former business partner, GW Montebello, Inc. ("GWM"), as well as various GWM officers and directors, GWM's parent company and the parent company of that entity, a law firm that performed legal services on GWM's behalf, and a partner at that firm (collectively, "Defendants") fraudulently induced it to enter into a confidential licensing agreement ("CLA") in connection with Plaintiff's proposed acquisition of GWM's business. *See* (*id.* ¶¶ 3, 9-23, 67-68, 70). As part of that agreement, Plaintiff agreed to arbitrate "any controversy or claim arising out of or relating to [the] agreement or the breach thereof, the construction, validity, enforceability, or interpretation of [the] agreement or any provision [therein] . . ., the parties' rights and obligations under [the] agreement, or any transaction arising from or connected to [the] agreement." (ECF No. 18-2, Ex. 1, § 9(e)).

In September 2022, GWM filed a Judicial Arbitration and Mediation Services ("JAMS") demand against Plaintiff, alleging Plaintiff's anticipatory breach of the CLA. *See* (FAC ¶¶ 129, 131). In response, Plaintiff filed counterclaims against GWM and its parent company. *See* (ECF No. 18-6, Ex. 4, at 2-3). The arbitrator decided to bifurcate proceedings, such that she first considered the merits of GWM's claims in Phase I of the arbitration and then considered the merits of Plaintiff's claims in Phase II. (*Id.* at 3). The arbitrator proceeded to issue an interim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05856-SPG-MAA | Date | October 20, 2025 |
| Title | Inde Can LLC v. Spencer Noecker et al. | | |

Phase I award in GWM's favor and, after Plaintiff failed to pay its arbitration fees, stayed the Phase II proceedings. *See* (ECF No. 18-14, Ex. 12, at 3-4).

On April 30, 2025, Plaintiff filed this action in the Superior Court of Los Angeles County. *See* (FAC ¶ 137). A week later, on May 6, 2025, JAMS contacted the parties to ask whether Plaintiff intended to pursue its counterclaims in arbitration. *See* (ECF No. 18-16, Ex. 14, at 2). In response, Plaintiff wrote that "Inde's case is now before the Superior Court." (*Id.*). GWM then submitted a "detailed proposal [to JAMS] requesting dismissal of Plaintiff's claims," JAMS issued new briefing deadlines on GWM's request, and JAMS ultimately dismissed Plaintiff's claims for failure to prosecute. *See* (FAC ¶¶ 139-40; ECF No. 25-2, Ex. A, at 3). On June 26, 2025, Defendants removed this action to federal court, invoking the Court's federal question jurisdiction over federal claims alleged in the Complaint. *See* (ECF No. 1 ¶ 10); *see also* (FAC ¶¶ 174-96 (alleging four causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"))).

On July 17, 2025, Defendants moved to compel arbitration, arguing that all of Plaintiff's claims fell within the scope of the CLA's arbitration provision. *See* (ECF Nos. 18, 19). On August 29, 2025, the Court issued an Order granting Defendants' Motions to Compel Arbitration. *See* (ECF No. 30). Plaintiff now moves to (1) amend the complaint to remove all federal causes of action; and (2) remand the action to state court, based on the Court's lack of subject matter jurisdiction over Plaintiff's proposed Second Amended Complaint. *See generally* (Motion). However, the Court's Order Granting Defendants' Motions to Compel Arbitration "staye[d] the proceedings pending arbitration." (ECF No. 30 at 14). "The effect of a stay of proceedings pending arbitration is to prevent a party from taking any further steps in the judicial proceeding during the period of the stay." 1 Alt. Disp. Resol. § 25:19 (4th ed.); *see also Nken v. Holder*, 556 U.S. 418, 429 (2009) (a stay "suspends judicial alteration of the status quo").

Plaintiff's argument that the stay "cannot prevent the Court from fulfilling its . . . duty" to determine subject matter jurisdiction borders on frivolous. (Motion at 7); *see also* (*id.* at 4) ("Federal courts both may and must lift or bypass a stay to decide subject-matter jurisdiction"). Plaintiff does not argue that the federal causes of action alleged in the Complaint, *see* (FAC ¶¶ 174-96), are insufficient for the Court to exercise federal question jurisdiction. *Cf. Hartman v. Fullman*, No. SACV180299DOCJDEX, 2018 WL 11474183, at *5 n.1 (C.D. Cal. June 28, 2018). Instead, Plaintiff moves to amend the Complaint to remove its federal causes of action, so the Court will then lack subject matter jurisdiction. *See* (Motion at 5-7).

"[T]he court declines to proceed with motion practice in a stayed case." *Lovig v. Best Buy Stores LP*, No. 18-CV-02807-PJH, 2019 WL 2568851, at *3 (N.D. Cal. June 21, 2019) (denying motion to amend complaint during pendency of stay); *see also Dardashty v. Hyundai Motor Am.*, 745 F. Supp. 3d 986, 1001 (C.D. Cal. 2024) (denying motion to amend as moot where action was stayed pending arbitration); *Johnson v. JP Morgan Chase Bank, N.A.*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05856-SPG-MAA | Date | October 20, 2025 |
| Title | Inde Can LLC v. Spencer Noecker et al. | | |

EDCV172477JGBSPX, 2019 WL 2004140, at *3 (C.D. Cal. Jan. 25, 2019) ("the Court is not convinced it has the power to lift the stay and allow amendment before 'arbitration has been had.'") (quoting 9 U.S.C. § 3).

For the foregoing reasons, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

_____  :  _____

Initials of Preparer   pg